UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARLESHA BRISTER                                      CIVIL ACTION

VERSUS                                               NO. 17-03561

SOCIAL SECURITY ADMINISTRATION                       SECTION "R" (4)

**REPORT AND RECOMMENDATION**

This is an action brought pursuant to **Title 42 U.S.C. § 405(g)** for judicial review of a final decision of the Commissioner of Social Security Administration ("SSA"), denying Arlesha Brister's ("Brister") (improperly identified as "Brewster") claim for Supplemental Security Income under Title XVI of the Social Security Act. 42 U.S.C. § 1382. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.2, for the submission of Proposed Findings and Recommendations.

**I.      Factual Summary and Procedural History**

Brister is a 22 years old female, with an eleventh grade education, who has never worked. She has been diagnosed with seizure disorder, anxiety, and depression. R. Doc. 11-3, Tr. 66. Brister filed an application for Supplemental Security Income Benefits on March 27, 2014. R. Doc. 11-5, Tr. 152-160. She thereafter filed a request for reconsideration of the denial of benefits by the State agency, but failed to submit additional evidence required for the reconsideration to occur. R. Doc. 11-4, Tr. 91.

The Social Security Administration nonetheless had the claim independently reviewed by a physician and disability examiner in the State agency. R. Doc. 11-4, Tr. 89. After conducting the review, the agency found the previous determination denying the claim was proper under the law. *Id.* Brister was advised that she could request a hearing before an administrative law judge, which she did on August 8, 2014. R. Doc. 11-4, Tr. 89, 97. Brister, during the pendency of her claim,

retained an attorney on August 26, 2015, who made an appearance in the administrative proceeding on September 1, 2015. R. Doc. 11-4, Tr. 140, 142-143. On October 1, 2015, a Notice of Hearing reminder was sent to Brister reminding her that the administrative hearing was scheduled to take place on October 15, 2015. R. Doc. 11-4, Tr. 147.

Two days before the hearing, Brister's attorney filed a written request for a continuance because while he immediately filed a request for Brister's medical records from four facilities, they had not been received. R. Doc. 11-4, Tr. 151. He also pointed out that he was having trouble contacting his client. *Id.* Brister appeared and testified at the hearing on October 15, 2015. R. Doc. 11-2, Tr. 13.

At the hearing on the matter, counsel for Brister advised the ALJ that he had just enrolled in the case a month and a half earlier, but failed to put on his books that the hearing was for October 15, 2015. The first time that he put the hearing on the books was after receiving the hearing reminder dated October 1, 2015. R. Doc. 11-2, Tr. 30-31. He advised the ALJ that he requested the medical records on September 15, 2015, but had not received the records by the hearing date. *Id.*, Tr. 31.

The ALJ stated the lack of claimant's medical records was no longer a reason to postpone the hearing. She advised counsel that the rule is that if the representative enrolls within 30 days before the administrative hearing a postponement would normally be granted, but Brister's counsel had enrolled a month and a half before the scheduled hearing. *Id.* The ALJ indicated that she would proceed with the hearing, but keep the record open for updates to the medical record. *Id.*

Benita Lobo, the ALJ, issued her opinion on January 14, 2016. R. Doc. 11-2, Tr. 10-27. The ALJ found that Brister has not been engaged in substantial gainful activity since January 14,

2014, the application date. Rec. doc. 11-2, Tr. 15. The ALJ found that Brister has a seizure disorder, major depressive disorder and generalized anxiety disorder which are severe impairments. *Id.* The ALJ held that Brister does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. Doc. 11-2, Tr. 16. The ALJ found that Brister had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she should not climb ladders, ropes, or scaffolds; she must not work at heights or around dangerous machinery; and she is capable of work of a simple, routine nature. R. Doc. 11-2, Tr. 17.

The ALJ held that Brister has no past relevant work. R. Doc. 11-2, Tr. 21. The ALJ also held that Brister was born on July 27, 1991, and was 22 years old which is defined as a younger individual age 18-49, on the date the application was filed. *Id.* The ALJ found that the claimant has a limited education, is able to communicate in English, and that transferability of job skills was not an issue because she did not possess any past relevant work. *Id.* The ALJ held that considering Brister's age, education, work experience and residual functional capacity there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id.* Finally, the ALJ held that Brister has not been under a disability, as defined in the Social Security Act, since January 14, 20114, the date the application was filed. *Id.*, Tr. 22.

Brister contends that the ALJ's decision is not based upon substantial evidence because: (1) her counsel enrolled one day before the hearing; and (2) the ALJ denied counsel's request for a continuance despite the fact that he had been in the case for only fifty (50) days and yet was forced to trial. R. Doc. 12, Tr. 2. Brister complains that while the record was held open by the ALJ,

some of the records were not received until the matter was before the Appeal Council, and were not included at the hearing or in the appellate review, even though the treatment dates were before the date of service. *Id.*

The Commissioner contends that the ALJ's opinion is based upon substantial evidence and that he gave Brister sufficient time to submit medical records. R. Doc. 15, p. 4. The Commissioner further contends that Brister's Post-Decision Exhibits do not deprive the ALJ's decision of substantial evidence support. *Id.* at p. 6.

## II. **Standard of Review**

Under Title 42 U.S.C. § 405(g), the role of this Court on judicial review is to determine whether there is substantial evidence in the record to support the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Secretary. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *See Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

4

The concept of disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he or she has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he or she has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his or her age, education, past work experience, and residual functional capacity must be considered to determine whether he or she can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

**III.    Analysis**

    **A.  Brister had Sufficient Time to Submit Additional Medical Records**

Brister contends that the ALJ failed to fully and fairly develop the record when she denied Brister's request for continuance of the administrative proceeding and did not develop the record by seeking evidence from her therapist, Dawn Treigle, a social worker with River Oaks Hospital.

5

Brister notes that the record is replete with references to therapeutic treatment with Dawn Treigle, LCSW.  Brister contends that had the ALJ secured this additional evidence, then it would have been possible for her to reach a different result. Finally, Brister contends that the ALJ made no effort to secure any evidence from her psychotherapist, and therefore, her decision was not based upon substantial evidence.

The Commissioner contends that there was no need to further develop the record as the record contained sufficient evidence for the ALJ to make an informed decision. The Commissioner further suggests that it was Brister who stated that she would supplement the record with evidence from her therapist, Treigle. Further, the Commissioner asserts that Treigle, a social worker, is not listed in the regulations as an acceptable medical source, and therefore, supplementing the record with the evidence would not result in new evidence.

An ALJ has a duty to develop the record fully and fairly, and this duty is enhanced when the claimant is not represented.  *Cox v. Apfel*, 160 F.3d 1203 (8th Cir. 1998).  This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  The failure of the ALJ to develop an adequate record is not, however, ground for reversal *per se*. *Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir. 1984). As in the case of a hearing held without waiver of the right to counsel, the claimant must additionally show that he or she was prejudiced as a result of the ALJ's failure. *Id.*

The transcript of the hearing indicates that Brister she pointed out that when she received the SSA's exhibit list, she realized that not all of the medical records were in her possession. She indicated a willingness to secure copies of the medical records that were missing and forward them

6

to the ALJ. R. Doc. 11-2. Tr. 33, 35, 64. According to the transcript, Brister did not specify which medical records were missing.

### B. The ALJ's Denial of a Continuance

Brister also contends that the ALJ's decision is not based upon substantial evidence because the ALJ declined her request to continue the administrative hearing to supplement the record with additional medical records. According to Brister, her counsel had requested records from four facilities and their records had not been received by the hearing and he also had difficulty getting in touch with his client Ms. Brister.

The Commissioner argues that Brister has not shown that any good cause conditions were present in the case. *i.e.* (1) a serious physical or mental illness which made it impossible for her or her representative to attend, or (2) severe weather conditions made attendance impossible. The Commissioner contends that Brister failed to show other factors and circumstances outweighed the ALJ's need to maintain an efficient administrative process. Additionally, the Commissioner contends that Brister omitted any reference to the nine exhibits of medical records submitted after the administrative hearing and were considered by the ALJ in making her determination.

Social Security Regulations provide, "[t]he administrative law judge will determine whether good cause exists for changing the time and place of [Plaintiff's] scheduled hearing." 20 C.F.R. § 416.1436(f). "Good cause" for a change in the hearing time or place exists in two situations that do not apply in the present case.[1] A claimant may also seek to establish show "good cause" in other circumstances. *See* 20 C.F.R. § 416.1436(f). The Regulations explain to claimants:

---

[1] The Regulations explain to claimants that good cause exists when: (1) You or your representative are unable to attend or to travel to the scheduled hearing because of a serious physical or mental condition, incapacitating injury, or death in the family; or (2) Severe weather conditions make it impossible to travel to the hearing. 20 C.F.R. § 416.1436(f).

7

> Factors affecting the impact of the change include, but are not limited to, the effect on the processing of other scheduled hearings, delays which might occur in rescheduling your hearing, and whether any prior changes were granted to you. Examples of such other circumstances which you might give for requesting a change in the time or place of the hearing, include, but are not limited to, the following:
>
> (i) You have attempted to obtain a representative but need additional time;
>
> (ii) Your representative was appointed within 30 days of the scheduled hearing and needs additional time to prepare for the hearing....[2]

In this case, Brister's counsel was in the case for fifty (50) not thirty (30) days. In this case Williams Vincent was retained by Brister on August 26, 2015. R. Doc. 11-4, Tr. 136. The hearing in this matter occurred on October 15, 2015. R. Doc. 11-2, Tr. 28. Brister did not claim that she needed additional time to secure counsel, nor was the counsel retained within 30 days of the scheduled administrative hearing. As a result, the ALJ's denial of the request to continue the hearing does not render the ALJ's decision one not based on substantial evidence. In reaching the decision, the Court notes that not only did the ALJ consider the evidence of record, she also left the record open after the hearing based upon counsel's representation that he had already subpoenaed additional records from various medical institutions.

### C. The ALJ Gave Plaintiff Sufficient Time to Submit Medical Records

Brister next alleges that while the hearing was held on October 15, 2015, the record was only held open for "a short period of time." Brister acknowledges that her counsel did not submit certain records while the matter was pending before the ALJ, but only after the ALJ issued the opinion and while the matter was on appeal before the Appeals Council. R. Doc. 12.

---

[2] 20 C.F.R. § 416.1436(f).

The Commissioner on the other hand contends that: (1) the plaintiff was on notice as early as August 25, 2015 that her administrative hearing was set for October 15, 2015; (2) her lawyer was appointed on August 28, 2015; and (3) the record was held open until November 20, 2015 and Brister's counsel sent nine exhibits of medical records to the agency by fax from October 19, 2015 to November 20, 2015. R. Doc. 15.

The Court is of the opinion that an additional 35 days was sufficient amount of time to leave the record open for the receipt of additional evidence. Brister's counsel did in fact submit additional evidence which was received and considered by the ALJ. Additionally, there is no evidence in the record to suggest that Brister's counsel requested in writing that the ALJ hold the record open beyond the November 20, 2015 date and Brister fails to provide any evidence as to when the treatment records from Forrest General, Mississippi State Hospital, St. Charles Community Health, or Our Lady of the Angels Hospital were requested.

Brister also does not provide any explanation as to why the records were only secured during the pendency of the matter before the Appeals Council,[3] rather than before the ALJ, as the ALJ's opinion was not issued until January 14, 2016. The Court finds that the time provided by the ALJ was reasonable and the opinion is based upon substantial evidence.

### D. The Post-Decision Exhibits and Sufficiency of the ALJ's Decision

Finally, Brister contends that the post-hearing records included treatment for anxiety disorder and schizoaffective disorder that they could have led the ALJ to determine that Brister met the listings and a favorable decision could have resulted. Brister contends that the failure to either grant a supplemental hearing or continue the case prejudiced her because the ALJ was not

---

[3] The Appeals Council decision was not issued until March 20, 2017. R. Doc. 11-2, Tr. 1-6.

able to consider the post-hearing medical records or present the information to the vocational expert. Brister contends that the information was for the relevant time period before the ALJ, the Appeals Council should have reviewed them as they show that she had a violent and depressed personality which would have resulted in a finding of no jobs or fewer jobs available for her. According to Brister, the Appeals Council's failure to admit the four additional exhibits warrants remand for a supplemental administrative hearing and that the absence of such a hearing is legal error.

The Commissioner acknowledges that Brister, after the ALJ's decision, submitted additional medical records for before the relevant time period, during the relevant time period, and after the relevant time period. The Commissioner further acknowledges that the Appeals Council admitted the records that predated the relevant time period by ten years, but excluded the records that were generated after the relevant time period. R. Doc. 11-2, Tr. 2. According to the Commissioner, after the Appeals Council accepted some of the post-hearing medical records it found that those records did not provide a basis for changing the ALJ's decision and denied review. *Id.* The Commissioner contends that: (1) the Appeals Council's review is outside of the purview of the reviewing court; and (2) the record as a whole does not contain a basis for overturning the ALJ's decision.

In the Fifth Circuit, evidence submitted by a claimant to the Appeals Council does not *per se* require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision. *See Higginbotham v. Barnhart* 405 F .3d 332 (5th Cir. 2005). Despite the presence of new evidence in *Higginbotham,* the panel on subsequent appeal upheld the district court's decision to affirm the Commissioner's denial of benefits because the district court

10

considered that evidence. *Higginbotham v. Barnhart,* 163 Fed. App'x. 279 (5th Cir. 2006). The panel itself discounted a diagnosis of disability by claimant's treating physician as conclusory and unsupported. *Id.* .

Whereas here the Appeals Council denied review the ALJ's opinion is the final decision subject to review. *Sims v. Apfel,* 530 U.S. 103, 106-07 (2000) Additionally, the evidence submitted post-hearing constitutes part of the instant record and provides a basis for remand so long as it is new, material, and related to the period before the ALJ's decision. *See Higginbotham,* 405 F.3d at 337*;* 20 C.F.R. § 404.970(b).[4]

First, the Court notes that while Brister complains that the new records would have warranted a supplemental hearing, she provides no analysis of the records showing how they each would have impacted the ALJ's ruling. Second, a review of the contested medical records, namely Exhibits C1-C18, largely predate Brister's onset date. R. Doc. 11-7, Tr. 251-306, 368-382. Third, to the degree that the medicals are during the onset period, her neurological exams were normal, she was prescribed Dilantin for seizures, and there is no evidence in the records that she had seizures more than once per week in spite of the prescribed treatment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 Sec. 11.02.

Additionally, the records from November of 2014 show that the treating physician at Family Health Care Center prescribed Dilantin for Brister's seizures and stressed the importance of taking her medicine on a daily basis. R. Doc. 11-8, Tr. 431. In contrast, in November of 2015,

---

[4] Fifth Circuit case law suggests that the relevant period for a disability claim extends until the date of the administrative hearing. *Hammond v. Barnhart,* 132 Fed. App'x. 6 (5th Cir. May 17, 2005); *Haywood v. Sullivan,* 888 F.2d 1463, 1471-72 (5th Cir. 1989); *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985). Medical evidence that post-dates a hearing may be considered, provided that it addresses the severity of the claimant's pre-hearing condition. *Hammond* 132 F. App'x. 6.

11

during her in-patient treatment at Our Lady of the Angels Hospital, it was noted that she had mild, partial seizures "once every couple of days," another three or four days later, and showed a reduction in seizures when her medication was changed from Dilantin to Buspar. R. Doc. 11-8, Tr. 514. The records do show that while she was transitioning from one medication to another she continued to have seizures, but Dr. Burns also noted that she became seizure free on the Buspar. *Id.* He noted that he tapered and then stopped the Dilantin "because it was ineffective." *Id.* Dr. Burns noted that the medications were working well for Brister and that she had no side effects or movement disorders. *Id.* He concluded that Brister was able to function in outpatient treatment and discharged her. *Id.*

Next, while Brister was noted as having depression and anxiety during the review period, after an evaluation by Dr. D'Illio, Brister was deemed capable of performing routine, repetitive tasks, interacting with coworkers, or receiving supervision. R. Doc. 11-7, Tr. 341-345. The doctor noted that she was able to maintain excellent attention and concentration necessary to complete the interview. R.doc 11-7, Tr. 343. However, the doctor did not recommend that Brister manage her own personal finances because she never held a job and had been recently living on the streets. *Id.*, Tr. 345. The doctor concluded that her prognosis appeared stable for the next 12 months and that she would benefit from vocational training. *Id.*

Finally, as part of the claimant's disability status, it is appropriate for the Court to consider her daily activities. *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995). According to the record evidence, Brister was able to take her medications, make sandwiches, and use the microwave demonstrating sufficient independent functioning. R. Doc. 11-7, Tr. 342. She also according to the record was able to independently bathe and dress, watched over her disabled

12

brothers, and retained the ability to perform simple routine work tasks. *Id.*, Tr. 343-343. The record supports a finding of mild impairment of social functioning.

The Court notes that the ALJ properly determined that Brister's seizure disorder, major depressive disorder, and generalized anxiety disorder were severe impairments, but that they did not medically equal the severity of a listed impairment either singly or in combination.   Therefore, considering all of the evidence, the Court finds that the ALJ's decision is based upon substantial evidence.

## IV.     Recommendation

For the reasons assigned herein, it is **RECOMMENDED** that the ALJ's decision denying Brister's Supplemental Security Income be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of July, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**